DUBOIS v. INTERNATIONAL PAPER CO.

(Circuit Court of Appeals, First Circuit.    March 8, 1912.)

No. 929.

1. MASTER AND SERVANT (§ 158*)—INJURY TO SERVANT—ACCIDENT.

Where a person 42 years old, of average intelligence and the experiences of a man who was as a boy brought up on a farm and who had later been engaged in logging operations, was injured while working on a pile of pulp logs, caused by his being thrown from the pile by his dropping a heavy log on a light one, projecting beyond the edge of the pile. while standing astride the light log, the injury was the result of pure accident, and the employer was not liable for failure to warn him against the danger.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 304; Dec. Dig. § 158.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. MASTER AND SERVANT (§ 265*)—INJURY TO SERVANT—LIABILITY OF MASTER.
    An employé, suing in tort for a personal injury, must, to recover, show
    that he was in the exercise of ordinary care, and that the employer was
    guilty of negligence.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 877–
    908; Dec. Dig. § 265.*]

In Error to the Circuit Court of the United States for the District of New Hampshire.

Action by Napoleon Dubois against the International Paper Company. There was a judgment for defendant, and plaintiff brings error. Affirmed.

Henry F. Hollis (Alexander Murchie, on the brief), for plaintiff in error.

Fred C. Demond (William W. Thayer and Streeter, Demond & Woodworth, on the brief), for defendant in error.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

ALDRICH, District Judge. [1] It seems to us that the question in this case is a simple one, and that the result might well be left upon the reasoning of the learned judge who presided at the jury trial and directed a verdict for the defendant. The reasons there given for directing a verdict were given to the jury as follows:

"Now it has seemed to me in this case that the injury was sustained by the plaintiff being thrown off this log pile by his own act, in himself dropping the heavy log upon a light one projecting beyond the edge of the pile, and causing the light log to kick up in such a manner as to throw him upon [from] the pile.

"It would not be proper for you to find that the employer's negligence was the cause of that injury. It was the plaintiff's own act which placed him astride of the lighter of those two logs. It was the plaintiff's own act that caused the lighter log to kick up and throw him from the pile.

"It is not claimed that the employer was negligent in setting the plaintiff to work on the pile—not claimed that he did any wrong in doing that. If he was a man whom the employer could properly set to work on the top of that pile of logs, then it has seemed to me that there could be no negligence; that the employer could not be justly charged with negligence in failing merely to tell him in so many words: 'Now, if you drop a heavy log on the projecting end of a light one, that log will kick up. You must be careful not to get astride of the log, and where you will be thrown from the pile if it does kick up.'

"It seems to me, if the experience had been what this man's has been, according to his own story, and who might be properly set to work on a pile of this kind, the employer is not justly chargeable with negligence in failing not to give him this special warning. It seems to me this danger is one necessarily obvious to him, and it is only against dangers not obvious that the law requires the employer to warn his employé."

The plaintiff was a workman who was brought up on a farm, his father was a farmer and carpenter, and he had worked with him in both lines. He afterward worked at little jobs of building in and about cotton mills, and one winter with his father in logging works in the woods. That winter he sawed logs and hauled them with a horse, and must have loaded and unloaded. A year or so before he

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was injured he worked for the defendant, repairing a dam, running an auger in connection with timbers which went into the structural repairs. He was 42 years of age, of average intelligence, and it must be assumed that he had had the observations and experiences of the ordinary man who as a boy was brought up on a farm, and had later been engaged somewhat in working upon timbers and in logging operations.

The week before the injury the plaintiff had worked on logs, at times rolling logs in the yard and into a creek, and he loaded logs on cars to be taken to the water, and it is supposed, as an incident to it, unloaded them.

The pile of logs on which he was working when injured consisted of pulp logs, and was from 25 to 30 feet high. There were from 16 to 19 tiers, and that part of the tier on which the plaintiff was working, when injured, was about 20 feet high, and the logs were from 6 to 18 inches in diameter and from 6 to 8 feet long, and he was rolling logs off the pile and into the river. He was put onto this work by the superintendent, and he had for tools a cant dog and a pick. He was unaccustomed to the use of the cant dog, but it is not understood that the cant dog cut any figure in bringing about the injury.

The plaintiff's principal contention is that the work was dangerous, that the employé was unaccustomed to the particular kind of work in question, and that the superintendent should have explained the dangers and warned the employé against them. We have no disagreement with the rule of law which the plaintiff urges in respect to the duty of warning; but we think its reasonable scope does not include cases like this. The length of the logs varied, it is true; but that was not an uncommon thing. On the contrary, it is usually so, as is well known. It is also a matter of common knowledge that neither wood piles nor log piles are piled or rolled into tiers with any degree of exactness as to length, or with any view to having the ends squared to a line. We perceive no especial difference between this particular log pile, in respect to danger, and the old-fashioned sled-length wood pile. Everything about it was open and obvious to the glance. The ordinary man raised on a farm, and working on wood and logs, would see all that an expert would see. He would see some ends projecting beyond others. The ordinary man or boy would know that the weight of a heavy log rolled over the end of a small log projecting beyond its bearing would throw up the other end of the small log. A farmer boy would see and appreciate a practical thing like this quicker than a civil engineer, who had studied books on engineering, rather than having had practical life with respect to such situations on the farm and in the woods.

[2] It is quite true that if the element of powerful and intricate machinery were involved in moving or rolling logs, or even if the pile were a promiscuous one, with now and then strips of iron or occasional railway ties, the proposition would be quite different. Under such circumstances, duty would quite likely require the employer to caution; but this was a plain and obvious pile of logs. The action is tort, and the employé, in order to recover, must not only have been in the exercise of ordinary care with respect to his safety, but the

employer must have been guilty of neglecting some duty which the relations between the employer and the employé and the implied obligations placed upon him.

. We are unable to perceive that it was either the duty of the superintendent to foresee and warn a man, of the experience and life of this plaintiff, against the general danger of standing astride of a small log while rolling a heavy log over its projecting end, or to stand by and safeguard the employé in that respect.

Cases upon assumption of risk, obvious danger, and want of due care sufficiently demonstrate that there is no ground of recovery under circumstances like these; but we prefer to put the decision in this case upon the ground that it was an accident pure and simple. Certainly there was no tortious wrong on the part of the defendant, and the injury resulted because the plaintiff, who must have known the danger as well as anybody if he had stopped to think, thoughtlessly and accidentally happened to stand astride of the small log when he rolled the heavy log over its projecting end.

. The judgment of the Circuit Court is affirmed, and the defendant in error recovers its costs of appeal.